UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHARTER ASSET MANAGEMENT FUND, L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>TCG SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-05799-LB<br><br>**ORDER REGARDING ADDITIONAL INFORMATION FOR MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 20 |

    The plaintiff filed a motion for default judgment. (ECF No. 20.) The Ninth Circuit has set forth seven factors for consideration by the district court in exercising its discretion to enter default judgment: 1) the possibility of prejudice to the plaintiff; 2) the merits of plaintiff's substantive claim; 3) the sufficiency of the complaint; 4) the sum of money at stake in the action; 5) the possibility of dispute concerning material facts; 6) whether default was due to excusable neglect; and 7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Allegations of damage are not deemed true simply because of the defendant's default. Some proof of the amount is required. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

    The court asks the plaintiff to brief why — under the *Eitel* factors — default judgment should

ORDER (No.15-cv-05799-LB)

be entered. The court further asks the plaintiff to brief the issues of subject-matter jurisdiction, personal jurisdiction, and service. The court is particularly concerned about exercising personal jurisdiction over Mr. Combs, whose guaranty does not contain a forum-selection clause and does not appear to specifically incorporate the Factoring Agreements' forum-selection clause (the apparent basis for exercising personal jurisdiction over both defendants).

The court also requests that the plaintiff supply additional evidence supporting the attorney's fees it seeks, in particular, to substantiate Ms. Harbaugh's billing rate. The plaintiff should additionally be prepared to provide substantiating evidence for the attorney's fees it seeks in connection with the default judgment motion (*i.e.* the time spent preparing the motion).

The court asks that the additional briefing and substantiating evidence be submitted by August 11, 2016. The court resets the hearing on the matter for August 25, 2016 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated: July 26, 2016

LAUREL BEELER
United States Magistrate Judge